UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WILLIAM G. SCHISLER, SR.

                              Plaintiff,

                                                                 6:16-CV-01051
v.                                                                (MAD/TWD)

UTICA POLICE DEPARTMENT, et al.,

                              Defendants.
_____

APPEARANCES:

WILLIAM G. SCHISLER, SR.
Plaintiff pro se
1010 Green Street
Utica, New York 13502

**THÉRÈSE WILEY DANCKS**, United States Magistrate Judge

## REPORT-RECOMMENDATION

      The Clerk has sent this pro se complaint together with an application to proceed *in forma pauperis* ("IFP Application") to the Court for review.  (Dkt. Nos. 1 and 2.)  Plaintiff William G. Schisler, Sr. has commenced this civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Utica Police Department and Utica City Hall (Mayor's Office).  (Dkt. No. 1 at 1-2.[1])  For the reasons that follow, the Court grants Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) and recommends the dismissal of his complaint with prejudice.  (Dkt. No. 1.)

---

[1] Page references to documents identified by docket number are to the numbers assigned by the CM/ECF docketing system maintained by the Clerk's Office.

I.      PLAINTIFF'S IFP APPLICATION

A court may grant *in forma pauperis* status if a party "is unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1). After reviewing Plaintiff's IFP Application, the Court finds that Plaintiff meets this standard. Therefore, Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is granted.

II.     LEGAL STANDARD FOR INITIAL REVIEW OF COMPLAINT

Even when a plaintiff meets the financial criteria for *in forma pauperis*, 28 U.S.C. § 1915(e) directs that when a plaintiff proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "An action is frivolous when either: (1) the factual contentions are clearly baseless such as when the claims are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." *Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998) (citations and internal quotation marks omitted). Although extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and the parties have had an opportunity to respond, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260

(2d Cir. 1991) (*per curiam*) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

To survive dismissal for failure to state a claim, a complaint must plead enough facts to state a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." *Id*. In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir.), *cert. denied,* 513 U.S. 836 (1994) (citation omitted). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*.

Where a plaintiff proceeds *pro se*, the pleadings must be read liberally and construed to raise the strongest arguments they suggest. *Sealed Plaintiff v. Sealed Defendant*, 537 F.3d 185, 191 (2d Cir. 2008) (citation omitted). A *pro se* complaint should not be dismissed "without giving leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir.

1999) (citation and internal quotation marks omitted). An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff alleges that Defendants Utica Police Department and City Hall failed to do their official duty. (Dkt. No. 1 at 1.) More specifically, Plaintiff complains that rookie police officers used vulgar language towards him and showed a lack of concern for: (1) handicapped persons and their well being in their home environment; (2) Plaintiff's well being or why he was at the police department by waiving him off as if he was not important; and (3) citizens of the community and whether handicapped persons are okay or not. *Id*. at 2-3. Plaintiff also claims that Defendants have failed to do their duty to protect the community from vulgar and improper action being done in his neighborhood. *Id*. at 3. Plaintiff has not alleged the violation of any specific constitutional right. Plaintiff seeks 20.6 million dollars for his pain and suffering and undue stress.

### V.   ANALYSIS

Plaintiff has sued the Utica Police Department. (Dkt. No. 1 at 1.) Although a municipality is subject to suit pursuant to § 1983, *see Monell v. Dept. of Social Services*, 436 U.S. 658, 690 (1978), a municipal police department does not have the capacity to be sued as an entity separate from the municipality in which it is located. *See Krug v. County of Rennselaer*, 559 F.Supp. 2d 223, 247 (N.D.N.Y. 2008) (citing *Orraca v. City of N.Y.*, 879 F.Supp. 148 (S.D.N.Y. 1995) (police department and police precincts are not suable entities separate from the

City)).  Therefore, the City of Utica is the proper defendant in this case and the case should be dismissed with prejudice against the Utica Police Department.

Although Plaintiff has not named the City of Utica as a defendant, he has named Utica City Hall (Mayor Office).  (Dkt. No. 1 at 2.)  Inasmuch as the complaint is devoid of allegations regarding the Mayor of Utica or any individual employed in the Mayor's office, for purposes of this initial review, the Court will construe Plaintiff's action as one against the City of Utica, thus allowing consideration of Plaintiff's allegations against the Utica Police Department.

Pursuant to the standard for establishing municipality liability laid out in *Monell*, 436 U.S. at 658, in order to set forth a cognizable claim for municipal liability under § 1983, a plaintiff must plead and prove that a deprivation of his constitutional rights "was caused by a governmental custom, policy, or usage of the municipality."  *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell,* 436 U.S. 658); *see also Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985) ("The plaintiff must first prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused his injuries beyond merely employing the misbehaving officer.")  A municipality may be liable for deprivation of constitutional rights under § 1983 for policies or customs resulting in inadequate training, supervision, or hiring when the failure to train, supervise, or hire amounts to deliberate indifference to the rights of those with whom municipal employees will come into contact.  *See City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89 (1989).  To establish causation, there must "at the very least be an affirmative link between the policy and the particular constitutional violation alleged." *Oklahoma v. Tuttle*, 471 U.S. 808, 823 (1985).

Plaintiff has failed to identify or allege any facts showing that the use of vulgar language towards Plaintiff by rookie police officers; lack of concern for his well being and treating him as unimportant while he was at the police station; a general lack of concern for the well-being of handicapped persons; or failure of police officers to do their duty and protect the community and Plaintiff's neighborhood from vulgar and improper action were connected in any way to the existence of any municipal policy or custom of the City of Utica, or the result of any failure by the City to properly train, supervise, or hire the police officers.

The Court would recommend dismissal with prejudice of Plaintiff's complaint even if he had alleged facts showing a municipal policy or custom or a lack of training or supervision showing deliberate indifference, or had named as defendants the individuals personally involved in alleged wrongful conduct, because the alleged conduct did not violate Plaintiff's constitutional rights. The Court has construed Plaintiff's claim as one for denial of due process under the Fourteenth Amendment. However, there is no constitutional right to be protected from criminal activity, and a claim based on inaction is not actionable under § 1983. *See Rodrigues v. Village of Larchmont*, 608 F. Supp. 467, 472 (S.D.N.Y. 1985) (citing *Wright v. City of Ozark*, 715 F.2d 1513, 1516 (11th Cir. 1983); *Bowers v. DeVito*, 686 F.2d 616, 618 (7th Cir. 1982)) (additional citation omitted). Moreover, "verbal harassment itself does not rise to the level of a constitutional violation[,]" and "verbal abuse, vulgarity, and even threats are insufficient to rise to the level of constitutional violations." *Tafari v. McCarthy,* 714 F. Supp. 2d 317, 364 (N.D.N.Y. 2010).

**ACCORDINGLY**, it is hereby,

**ORDERED**, that Plaintiff's application to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**; and it is

**RECOMMENDED**, that Plaintiff's Complaint (Dkt. No. 1) **BE DISMISSED WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

Dated: September 9, 2016
Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge