**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**WILLIAM G. SCHISLER,**

                       **Plaintiff,**

    vs.                                        **6:16-CV-1051**

                                                      **(MAD/TWD)**

**UTICA POLICE DEPARTMENT, UTICA
CITY HALL,**

                       **Defendants.**
_____

**APPEARANCES:**                                     **OF COUNSEL:**

**WILLIAM G. SCHISLER**
908 Clark Street
Utica, New York 13502
Plaintiff, *pro se*

**CITY OF UTICA - CORPORATION COUNSEL**    **ZACHARY C. OREN, ESQ.**
1 Kennedy Plaza, 2nd Floor
Utica, New York 13502
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

## ORDER

On August 29, 2016, Plaintiff William Schisler filed his 42 U.S.C. § 1983 civil rights complaint against Defendants Utica Police Department and Utica City Hall. *See* Dkt. No. 1. That same day, Plaintiff also filed a motion for leave to proceed *in forma pauperis* ("IFP"). *See* Dkt. No. 2. Magistrate Judge Dancks issued an Order and Report-Recommendation granting Plaintiff's IFP application and recommending that the Court dismiss Plaintiff's complaint with prejudice. *See* Dkt. No. 6 at 7. Plaintiff timely filed objections to the Report-Recommendation. *See* Dkt. No. 7. Presently before the Court is Magistrate Judge Dancks' Order and Report-Recommendation. *See* Dkt. No. 6.

When a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "'the court has the duty to show liberality towards *pro se* litigants,' however, 'there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis.'" *Griffin v. Doe*, 71 F. Supp. 3d 306, 311 (N.D.N.Y. 2014) (quoting *Moreman v. Douglas*, 848 F. Supp. 332, 333-34 (N.D.N.Y. 1994)); *see also Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

When reviewing a complaint under 28 U.S.C. § 1915(e), courts are guided by applicable requirements of the Federal Rules of Civil Procedure. Rule 8(a) of the Federal Rules of Civil Procedure provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8(a) "does not require 'detailed factual allegations,' . . . it demands more than an unadorned" recitation of the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)) (other citations omitted).

To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in

2

the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678 (citation omitted).

In reviewing a report and recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party files specific objections to a magistrate judge's order and report-recommendation, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). However, when a party files "'[g]eneral or conclusory objections, or objections which merely recite the same arguments presented to the magistrate judge,'" the court reviews those recommendations "'for clear error.'" *Chime v. Peak Sec. Plus, Inc.*, 137 F. Supp. 3d 183, 187 (E.D.N.Y. 2015) (quotation omitted).

Here, Plaintiff sues Defendants under 42 U.S.C. § 1983, but he does not allege that Defendants violated any particular right guaranteed by the constitution or federal law. Instead, Plaintiff alleges that Defendants "fail[ed] to do [their] official duty." Dkt. No. 1 at 1. Specifically, he alleges that Defendants (1) used vulgar language towards Plaintiff; (2) showed a lack of care for handicapped persons in their home environment; and (3) showed a lack of concern for Plaintiff's well being and for his reasons for being at the police department. *See id.* Magistrate Judge Dancks recommended dismissal of Plaintiff's complaint for two reasons.

First, Plaintiff failed to allege the violation of a right guaranteed by the constitution or federal law. *See* Dkt. No. 6 at 6. As Magistrate Judge Dancks correctly stated, "verbal abuse,

3

vulgarity, and even threats are insufficient to rise to the level of constitutional violations." *Id.* (quoting *Tafari v. McCarthy*, 714 F. Supp. 2d 317, 364 (N.D.N.Y. 2010)). Additionally, there is no constitutionally protected right requiring government officials to investigate complaints. *See id.* (citing *Rodrigues v. Village of Larchmont*, 608 F. Supp. 467, 472 (S.D.N.Y. 1985)).

Second, Magistrate Judge Dancks also recommended dismissal of the complaint because, even if Plaintiff had alleged a constitutional violation, Plaintiff failed to meet the standard for establishing municipal liability. *See id.* at 4-6. In order to state a claim for municipal liability under 42 U.S.C. § 1983, a plaintiff must allege that the "deprivation of his constitutional rights 'was caused by a government custom, policy, or usage of the municipality.'" *Id.* at 5 (quoting *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012)). In this case, Plaintiff does not allege any facts connecting the behavior of the officers to a custom, policy, or usage of the City of Utica. *See* Dkt. No. 1.

Although Plaintiff timely filed objections to Magistrate Judge Dancks' Report-Recommendation, he failed to address either of the reasons that Magistrate Judge Dancks recommended dismissal. *See* Dkt. No. 7. Instead, Plaintiff simply stated that he "object[s] to th[e] decision in its entirety," and he went on to restate his frustrations with the Utica Police Department. *Id.* at 1. Because Plaintiff did not make any specific objections, the Court has reviewed the Report-Recommendation for clear error and found none. Therefore, Plaintiff's complaint is dismissed with prejudice.

Ordinarily, a court should not dismiss a complaint filed by a *pro se* litigant without granting leave to amend at least once "'when a liberal reading of the complaint gives any indication that a valid claim might be stated.'" *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). An opportunity to amend

4

is not required, however, where "the problem with [plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citation omitted). In this case, the Court agrees with Magistrate Judge Dancks that Plaintiff's claims should be dismissed with prejudice as there is no indication that Plaintiff could state a valid claim if granted leave to amend.

After carefully reviewing Plaintiff's submissions, Magistrate Judge Dancks' Report-Recommendation, the applicable law and for the above-stated reasons, the Court hereby

**ORDERS** that Magistrate Judge Dancks's Report-Recommendation (Dkt. No. 6) is **ADOPTED in full**; and the Court further

**ORDERS** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED with prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 8, 2017
      Albany, New York

Mae A. D'Agostino
U.S. District Judge